**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| ANTONIO CABALLERO, §<br><br>_Judgment Creditor & Garnishor,_ §<br>§<br>§<br>v. §<br>§<br>FUERZAS ARMADAS §<br>REVOLUCIONARIAS DE COLOMBIA §<br>a/k/a FARC-EP a/k/a §<br>REVOLUTIONARY ARMED FORCES §<br>OF COLOMBIA; and THE NORTE §<br>DEL VALLE CARTEL, §<br>§<br>_Judgment Debtors,_ §<br>§<br>v. §<br>§<br>VITOL, INC., §<br>§<br>_Garnishee._ § | CIVIL ACTION NO. _____ |

<u>**NOTICE OF REMOVAL**</u>

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. § 1446, Garnishee Vitol, Inc. ("Vitol") hereby removes the matter of _Antonio Caballero v. Fuerzas Armadas Revolucionarias de Colombia, et al._, Cause No. 20-12-15427, from the 284th Judicial District Court of Montgomery County, Texas (the "State Court Action") to the United States District Court for the Southern District of Texas, Houston Division (the "Notice of Removal"). The grounds for removal are as follows:

**I.     INTRODUCTION**

1.     On May 20, 2020, in the matter of _Antonio Caballero v. Fuerzas Armadas Revolucionarias de Colombia, et al._, Case No. 1:18-cv-25337-KMM in the United States District

Court for the Southern District of Florida, the Court granted Judgment Creditor Antonio Caballero's ("Caballero" or "Creditor") Motion for Default Final Judgment against Judgment Debtors Fuerzas Armadas Revolucionarias de Colombia ("FARC") and Norte de Valle Cartel ("NDVC") (collectively, "Debtors"). (ECF No. 63, "Final Judgment"). The Court found that Caballero was entitled to recover on his claim for damages pursuant to the Anti-Terrorism Act ("ATA," 18 U.S.C. § 2333) against FARC and NDVC, and entered Final Judgment against the Debtors. The Court awarded Caballero $45,000,000.00 in actual, compensatory non-economic damages and $1,729,667.00 of actual, compensatory economic damages, both of which the court trebled pursuant to 18 U.S.C. § 2333, as well as post-judgment interest at a rate of 0.15% per annum. *Id*.

2.      On September 28, 2020, Caballero registered the Final Judgment issued by the Southern District of Florida on the docket of the 284th Judicial District Court of Montgomery County, Texas in the matter styled *Antonio Caballero v. Fuerzas Armadas Revolucionarias de Colombia, et al.*, Cause No. 20-09-11744 ("Initial Texas Action"). Since then, Caballero has initiated several companion cases, including the underlying State Court Action.[1] (*See* Initial Texas Action Docket Sheet, Attached as Exhibit A.)

3.      On December 16, 2020, Caballero initiated the underlying State Court Action, filing his Application for Post-Judgment Writ of Garnishment. (*See* State Court Action Docket Sheet, Attached as Exhibit B; Application for Writ of Garnishment, Attached as Exhibit C.)  Therein, Caballero alleges that the Final Judgment remains unsatisfied, and—in particular—seeks the outstanding balance of the non-trebled portion of the compensatory damages award, which he estimates to be $41,734,153.93.  (*Id*. at ¶ 4.)

---

[1] The companion cases are separate garnishment actions, none of which is related to Vitol or the assets at issue in this case.

4.      Generally, Caballero asserts that, in accordance with sanctions administered by the Office of Foreign Assets Control ("OFAC") of the United States Treasury Department, Vitol holds certain blocked assets of Rosneft Trading, S.A. ("Rosneft") totaling $12,661,259.98 and of Petroleos de Venezuela, S.A. ("PDVSA") in the amount of $9,444,116.76. (*Id*. at ¶ 6.)  Caballero alleges that Rosneft and PDVSA are agents or instrumentalities of FARC, one of the Judgment Debtors. (*Id*. at ¶¶ 7 and 9.)  On this basis, Caballero has obtained a writ of garnishment against Vitol on an *ex parte* basis in the State Court Action in order to attach the blocked assets of Rosneft and PDVSA, and is seeking execution on the writ in order to satisfy the Final Judgment, pursuant to 18 U.S.C. § 2333(e) and Section 201(a) of the Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297 ("TRIA").

## II.      GROUNDS FOR REMOVAL

5.      This action is removable on the basis of federal question jurisdiction. *See* 28 U.S.C. §§ 1441, 1446; *see also* 28 U.S.C. § 1332 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); *see also Connecticut Bank of Commerce v. Republic of Congo*, 440 F. Supp. 2d 346, 351 (D. Del. 2006) (holding that a garnishment action is a separate and independent civil action subject to removal given "that such a proceeding is a separate process to which the original debtor is not a party and the purpose of which is to determine the legality of the attachment").

6.      While Caballero cites TEX. CIV. PRAC. & REM. CODE § 63.002 as authority for the requested garnishment, the reality is that a determination of the propriety of Caballero's requested relief necessarily depends on substantial questions of federal law.  *See Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 314, 125 S. Ct. 2363, 2368, 162 L. Ed. 2d 257 (2005) (stating that with respect to federal question jurisdiction, "the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum

may entertain without disturbing any congressionally approved balance of federal and state judicial

responsibilities").  Here, the essential federal question is whether Caballero is entitled, under the

ATA (18 U.S.C. § 2333(e)) and Section 201(a) of TRIA, to execution on blocked assets held by

Vitol.

       7.     In relevant part, the ATA—the statute under which Caballero was granted Final

Judgement—provides that:

> For purposes of section 201 of the Terrorism Risk Insurance Act of 2002 (28 U.S.C.
> 1610 note), in any action in which a national of the United States has obtained a
> judgment against a terrorist party pursuant to this section, the term "blocked asset"
> shall include any asset of that terrorist party (including the blocked assets of any
> agency or instrumentality of that party) seized or frozen by the United States under
> section 805(b) of the Foreign Narcotics Kingpin Designation Act (21 U.S.C.
> 1904(b)).

18 U.S.C. § 2333(e).

       8.     In turn, Section 201(a) of TRIA provides:

> Notwithstanding any other provision of law, and except as provided in subsection
> (b), in every case in which a person has obtained a judgment against a terrorist party
> on a claim based upon an act of terrorism, or for which a terrorist party is not
> immune under section 1605A or 1605(a)(7) (as such section was in effect on
> January 27, 2008) of title 28, United States Code, the blocked assets of that terrorist
> party (including the blocked assets of any agency or instrumentality of that terrorist
> party) shall be subject to execution or attachment in aid of execution in order to
> satisfy such judgment to the extent of any compensatory damages for which such
> terrorist party has been adjudged liable.

28 U.S.C. 1610 Note.

       9.     Caballero expressly acknowledges that he is a judgement creditor under TRIA, a

federal statute, and that he seeks blocked assets of alleged agents or instrumentalities of a Judgment

Debtor, and cites federal court decisions with respect to whether certain entities constitute agents

or instrumentalities of the Judgment Debtors under TRIA.  (*See* Ex. C at ¶¶ 3-7.)  Further, he

affirmatively states in pleadings underlying and cited in his Application for Writ of Garnishment

that he is seeking to execute upon his writ of garnishment pursuant to both Texas and federal law. (*See* Motion for Agency or Instrumentality Determination filed in the Initial Texas Act, attached hereto as <u>Exhibit D</u> (exhibits thereto excluded), at Part V ¶ 12; Ex. C at ¶ 7.)

10.     In order to execute under TRIA § 201, a party is required to establish: (i) that they have obtained a judgment against a terrorist party that is either for a claim based on an act of terrorism or for which a terrorist is not immune, (ii) the assets are "blocked" as that term is defined under TRIA, (iii) the total amount of execution will not exceed the amount of compensatory damages, and (iv) if the party is executing on the assets of an alleged terrorist party agent or instrumentality, "the party must further establish that the purported agency or instrumentality is actually an agency or instrumentality." *Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713, 723 (11th Cir. 2014). Elements (i), (ii) and (iv) all turn on questions of federal law.

11.     Parties alleged to be agents or instrumentalities "whose assets are under threat of execution pursuant to TRIA § 201 are entitled to notice and an opportunity to be heard in order to rebut the allegations and preserve their possessory interests in blocked assets." *Id.* at 726-27 Accordingly, Caballero's ability to execute on his writ of garnishment will depend, among other things, on his ability to establish in an adversarial process that Rosneft and PDVSA are "agents or instrumentalities" of a Judgment Debtor under TRIA, a federal statute, and federal cases interpreting those terms as applied under TRIA.

12.     Further, Caballero alleges that the relevant assets are blocked pursuant to OFAC-administered sanctions. (*See* Ex. C at ¶ 6.) Vitol is subject to various prohibitions regarding transactions or transfers involving blocked assets, as set forth in OFAC's Venezuela Sanctions Regulations. *See* 31 C.F.R. §§ 591.201 and 591.202. A determination of compliance with OFAC's

regulations similarly involves substantial federal questions. Thus, an analysis of Caballero's request for relief necessarily raises—if not exclusively involves—federal issues.[2]

13.     Vitol is subject to conflicting obligations and is potentially subject to double liability, both as a garnishee and a contractual debtor. Accordingly, it has a keen interest in ensuring that no execution issues without full consideration and adjudication of these complex federal issues.

### III.     REMOVAL IS TIMELY

14.     Caballero filed his Application for Post-Judgment Writ of Garnishment on December 16, 2020. (*See* Exs. B and C.) An initial Writ of Garnishment was issued on December 18, 2020. (*See* Ex. B; Initial Writ of Garnishment, attached as <u>Exhibit E</u>.) Vitol was served and first received a copy of the Initial Writ of Garnishment on December 22, 2020. (*See* Ex. E.) A subsequent Writ of Garnishment, revised to correct an error in the name of one of the putative asset owners, was issued on December 23, 2020.[3] (*See* Ex. B; Corrected Writ of Garnishment, attached as <u>Exhibit F</u>.) Vitol was served and received a copy of the corrected Writ of Garnishment on December 28, 2020. (*See* Ex. C.)

15.     Accordingly, less than thirty day have elapsed since Vitol received a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, whether counted from service of the initial or corrected Writ of Garnishment. 28 U.S.C. § 1446(b).

---

[2] Caballero's relevant underlying action in which he obtained the Final Judgment is also a federal court action in which the court applied federal law. Thus, Caballero is fully aware of the substantial involvement of federal law in this matter.

[3] The Initial Writ of Garnishment named Rosneft, Inc. rather than Rosneft Trading, S.A. The corrected Writ of Garnishment appears to be substantively identical to its predecessor, aside from correction of the Rosneft entity named.

## IV.    JOINDER OF DEFENDANTS

16.    Vitol is the only party properly joined and served in this civil action, and thus removal based on 28 U.S.C. § 1441(a) is proper. *See* 28 U.S.C. § 1446(b)(2)(A); *see also Connecticut Bank of Commerce*, 440 F. Supp. 2d at 352, n.8 ("The court concludes that because the present garnishment action is a separate and distinct civil action, the unanimity requirement was fulfilled when garnishee . . . removed without the [judgment debtor].")

## V.    REMOVAL TO THIS COURT IS PROPER

17.    The United States District Court for the Southern District of Texas, Houston Division encompasses Montgomery County, the county in which Caballero filed the State Court Action. 28 U.S.C. § 124(b)(2).  Accordingly, removal to the Southern District of Texas is proper pursuant to 28 U.S.C. § 1441(a).

## VI.    JURY DEMAND

18.    Caballero did not make a jury demand in state court.

## VII.    APPROPRIATE NOTICE WILL BE PROVIDED

19.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Clerk of the 284th Judicial District Court of Montgomery County, Texas, where Caballero originally filed the State Court Action. A copy of the Notice of Removal is being served on Caballero.

## VIII.    COMPLIANCE WITH LOCAL RULE 81

20.    In compliance with Southern District of Texas Local Rule 81, attached hereto as exhibits are:

> 1.    All executed process in the case (*see* Exhibits C, E and F; Requests for Post-Judgment Writ of Garnishment, Certificate of Service of Writ of Garnishment, and Constable's executed Return of Writ of Garnishment attached as Exhibit G);

2.  Pleadings asserting causes of action, e.g. petitions, counterclaims, cross actions, third-party actions, interventions and all answers to such pleadings (*see* Exhibits C, D, E and F);

3.  All orders signed by the state judge (*see* Notice of Supplemental Authority filed in State Court Action, attached as <u>Exhibit H</u>);

4.  The docket sheets for the Initial Texas Action and the State Court Action (*see* Exhibits A and B);

5.  An index of matters being filed (*see* <u>Exhibit I</u>); and

6.  A list of all counsel of record, including addresses, telephone numbers and parties represented (*see* <u>Exhibit J</u>).

## IX.    CONCLUSION

21.    By this Notice of Removal, Vitol does not waive, and expressly reserves, all defenses, motions, and/or objections they may have as to service, jurisdiction or venue, or any other defenses or objections they may have to this action.

Dated: January 15, 2021

Respectfully Submitted,

**McGuireWoods LLP**

By: */s/ Yasser A. Madriz*
**Yasser A. Madriz**
*Attorney-in-Charge*
Texas Bar No. 24037015
Fed. ID No. 39080
JPMorgan Chase Tower
600 Travis Street, 75th Floor
Houston, Texas 77002
T +1 713 571 9191
F +1 832 214 9927
ymadriz@mcguirewoods.com

*Of Counsel:*

**Sarah M. Holub**
McGuireWoods LLP
Texas Bar No. 24106108
Fed. ID No. 3479243
JPMorgan Chase Tower
600 Travis Street, 75th Floor
Houston, Texas 77002
T +1 713 571 9191
F +1 832 214 9927
sholub@mcguirewoods.com

*Counsel for Garnishee, Vitol Inc.*

<u>**CERTIFICATE OF SERVICE**</u>

I certify that a copy of the foregoing document was served on the following parties and counsel of record, on January 15, 2021, at the following addresses:

Hank Fasthoff
Fasthoff Law Firm, PLLC
21 Waterway Ave., Suite 300
The Woodlands, Texas 77380
hank@fasthofflawfirm.com

Joseph Zumpano
Leon Patricios
Zumpano Patricios, PA
312 Minorca Avenue
Coral Gables, Florida 33134
jzumpano@zplaw.com
lpatricios@zplaw.com

*Counsel for Judgment Creditor and Garnishor, Antonio Caballero*

Fuerzas Armadas Revolucionarias De Colombia
a/k/a FARC-EP
a/k/a Revolutionary Armed Forces of Colombia
C/O Juvenal Ovidio Ricard Palmera Pineda
(BOP Register No. 27896-016)
USP ADX Florence
5880 Hwy 67 South
Florence, CO 81226

*Judgment Debtor*

The Norte de Valle Cartel
C/O Diego Leon Montoya Sanchez
(BOPRegister No. 04171-749)
FCI Petersburg Medium
P.O. Box 1000
Petersburg, VA 23804

*Judgment Debtor*

*/s/ Yasser A. Madriz*
Yasser A. Madriz