**WILLKIE FARR & GALLAGHER** LLP

1875 K Street, N.W.
Washington, DC 20006-1238

Tel: 202 303 1000
Fax: 202 303 2000

March 10, 2021

**VIA ELECTRONIC MAIL**

Honorable District Judge Andrew Hanen
c/o Ms. Rhonda Hawkins
Case Manager to Hon. Andrew Hanen
United States District Courthouse
515 Rusk Avenue, Room 8613
Houston, Texas 77002

Re:   Case No. 4:21-CV-00140; *Antonio Caballero v. FARC, et al. v. Vitol Inc.*, in the United States District Court for the Southern District of Texas, Houston Division

Your Honor:

We are writing on behalf of LDC Supply International, LLC ("LDC") in response to a recent filing in the above-captioned matter by Plaintiff, Mr. Caballero. More specifically, we write to respond to inaccuracies about our client in Plaintiff's Motion to Dismiss, ECF No. 37, and to inform the Court of our intent to intervene within the time period prescribed by the Federal Rules of Civil Procedure ("FRCP") should Plaintiff maintain his attempt to attach funds owed to LDC. Although we do not believe our intervention in this action will be needed, due to Plaintiff's stated intent to drop his action, we cannot let his statements regarding our client go unanswered. They lack any basis in law and fact, and Plaintiff has filed them despite our efforts to correct these inaccuracies through private correspondence.

Plaintiff states that "LDC has not even bothered to appear in this action." ECF No. 37 at 4. This is, at best, mistaken, and at worst, disingenuous. LDC has informed Plaintiff's counsel by letter and in a phone call—both in January 2021—that LDC has an interest in the funds and intends on intervening in the matter if Plaintiff maintains his efforts to attach the funds owed to LDC. That said, as Plaintiff has stated in his recent filing, and as he has indicated privately through counsel, Plaintiff has no intention of maintaining his action in this Court for the funds owed to LDC. *Id.* at 3 (noting that Plaintiff plans to discontinue "the garnishment proceedings relating to LDC" in this Court "thereby reducing the

action before this Court to three parties (i.e., Vitol, Caballero, and Rosneft)"). Should Plaintiff change his mind, LDC will intervene within the time frame prescribed by the Federal Rules. As a result, it is inaccurate to suggest that LDC is somehow not "bothering" to appear. Rather, LDC is simply avoiding misuse of judicial resources, if at all possible.

Plaintiff also repeatedly implies that LDC need not be interplead in this action because it is a party to the prior state-court garnishment proceedings. *E.g.*, ECF No. 37 at 9 ("Again, Vitol has merely named as third-party defendants the same individuals and/or entities that are already parties to the Texas garnishment proceeding (i.e. Caballero, Rosneft, and LDC)[.]"). This, too, is plainly false for several reasons. First, as a matter of process, the state-court proceedings that Plaintiff is referring to *were removed to this Court*, and thus the state court no longer has jurisdiction over the matter. *Allman v. Hanley*, 302 F.2d 559, 562 (5th Cir. 1962) (once removed under § 1446, the state court loses jurisdiction); *Adair Pipeline Co. v. Pipeliners Local Union No. 798*, 203 F. Supp. 434, 437 (S.D. Tex. 1962) (same), *aff'd*, 325 F.2d 206, 206 (5th Cir. 1963). To then suggest that those state-court proceedings are sufficient to assess the interests of LDC is puzzling.

Second—and perhaps even more problematic for Plaintiff—LDC has never been a party to the state-court proceedings. Plaintiff has never served LDC, nor has he named it as a party, *in any case*. Instead, Plaintiff appears only to have attempted service (unsuccessfully) on LDC's indirect parent company, Petróleos de Venezuela, S.A. ("PDVSA"), in the underlying state-court action. But LDC is a Delaware corporation that is a wholly-owned subsidiary of PDV Holding, Inc., another Delaware corporation, which in turn is owned by PDVSA. Arguing that, somehow, attempted service of PDVSA is automatically a suit against an indirect subsidiary goes against longstanding, basic, and settled notions of corporate separateness. *See First Nat. City Bank v. Banco Para El Comercio Exterior de Cuba*, 462 U.S. 611, 625 (1983) ("Separate legal personality has been described as 'an almost indispensable aspect of the public corporation'"); *Burnet v. Clark*, 287 U.S. 410, 415 (1932) ("A corporation and its stockholders are generally to be treated as separate entities"). We informed Plaintiff's counsel of this error in our January 2021 letter and phone call—well before the filing at issue here—and are dismayed to see that Plaintiff continues to ignore this basic distinction.

Third, Plaintiff failed to even serve—or correctly identify—*PDVSA* in the underlying action. Plaintiff's filed materials in the state-court proceeding, attached to Vitol's Notice of Removal, ECF No. 1-7 at 16, show that his counsel served materials to an entity *named* PDVSA with offices in Caracas, Venezuela, but that is not the entity that indirectly owns LDC nor is it an entity that has an interest in the funds Plaintiff has identified. That entity is associated with the Maduro regime—and is the entity Plaintiff has apparently identified as connected to the FARC—but it has no connection to LDC. This exact issue has been fully litigated by multiple courts that have squarely held that the Maduro regime, and its representatives purporting to control PDVSA in Caracas, do not own nor do they control PDVSA, or any of its subsidiaries, under well-settled U.S. law. *See Jimenez v. Palacios*, No. CV 2019-0490-KSJM, 2019 WL 3526479 (Del. Ch. Aug. 2, 2019), *as revised* (Aug. 12, 2019), *affirmed Jimenez v. Palacios*, 237 A.3d 68 (Del. 2020). This information was also provided to Plaintiff's counsel by letter and by phone in January 2021, to no avail.

Because Plaintiff's counsel continues to misrepresent the position of our client notwithstanding our efforts to correct those errors, we are obligated to respond on the record. We hope that no additional filings by LDC will be necessary in this action.

                                                                                                       Respectfully,

                                            /s/ Michael Gottlieb *(pro hac vice pending)*
                                            Willkie Farr & Gallagher LLP
                                            1875 K Street, NW
                                            Washington, DC 20006
                                            Phone: (202) 303-1442
                                            Fax: (202) 303-2123
                                            mgottlieb@willkie.com

Cc: All counsel of record via ECF