# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| ANTONIO CABALLERO, *Judgment Creditor & Garnishor*, v. FUERZAS ARMADAS REVOLUCIONARIAS DE COLOMBIA a/k/a FARC-EP a/k/a REVOLUTIONARY ARMED FORCES OF COLOMBIA; and THE NORTE DEL VALLE CARTEL, *Judgment Debtors*, v. VITOL INC., *Garnishee.* ------- VITOL INC., *Third-Party Plaintiff*, v. ANTONIO CABALLERO; ROSNEFT TRADING, S.A.; and LDC SUPPLY INTERNATIONAL, LLC, *Third-Party Defendants.* | CASE NO. 4:21-cv-00140-ASH |

**LDC SUPPLY INTERNATIONAL LLC'S ANSWER TO VITOL INC.'S THIRD-PARTY PETITION FOR INTERPLEADER**

LDC Supply International LLC ("LDC"), by and through undersigned counsel, hereby responds as follows to the allegations in the Third-Party Petition for Interpleader filed by Vitol Inc. ("Vitol") on January 22, 2021 (hereinafter "the Interpleader Complaint" or "Petition") in the above-captioned action. ECF No. 7.[1] LDC files this Answer to Vitol's Petition for Interpleader, notwithstanding that Plaintiff has represented on the record, and privately through counsel, that he does not intend to maintain this action in this Court for the funds owed to LDC, out of an abundance of caution in light of existing deadlines. *See* ECF No. 37 at 3 (noting that Plaintiff plans to discontinue "the garnishment proceedings relating to LDC" in this Court "thereby reducing the action before this Court to three parties (i.e., Vitol, Caballero, and Rosneft)").[2]

## I.    NATURE OF THE COUNTERCLAIM AND THIRD-PARTY CLAIM

1.    Vitol files its third-party petition pursuant to Fed. R. Civ. P. 22 and Sections 1335 and 2361 of Title 28, United States Code for a judicial determination of the rights, if any, of Caballero, the third-party respondents, and any other persons or entities to the Subject Assets. (Petition ¶ 16.)

**Response:** To the extent the allegations in Paragraph 1 (Petition ¶ 16) consist of legal conclusions, no response is required. To the extent that a response is required, LDC admits that Vitol purports to seek a judicial determination of rights of Caballero, third-party respondents, and

---

[1] Vitol requested and received LDC's waiver of service for Vitol's Petition filed on February 5, 2021. ECF No. 25. Pursuant to Fed. R. Civ. P. 12, 14, LDC was entitled to 60 days to respond to Vitol's Petition.

[2] As explained in Vitol's Opposition to Garnishor's Motion to Dismiss, "Caballero has obtained a writ for the LDC Funds from the United States District Court for the Southern District of New York, which has been served on JP Morgan Chase. The parties anticipate that Caballero will be filing a turnover action in the Southern District of New York with respect to the LDC Funds, with JP Morgan Chase as Garnishee. Once that action is commenced, the relevant parties will confer regarding the most appropriate means to remove the LDC Funds from this litigation." ECF No. 47 at 3 n.2.

1

any other persons or entities to the assets consisting of (a) an unresolved trade in the amount of $12,661.259.98 held by Vitol remaining to be paid to Rosneft Trading, S.A.; and (b) $9,444,116.76 in blocked assets owed to LDC and held in a blocked, segregated bank account at JPMorgan Chase Bank, N.A. ("JP Morgan Chase") in the putative name of Petroleos de Venezuela, S.A. ("PDVSA"), described by Vitol as the "Subject Assets" (Petition ¶ 6).

2. Caballero now seeks an order under TRIA § 201 and Tex. Civ. Prac. & Rem. Code Ann. § 63.001 directing Vitol to turn over to him, in partial satisfaction of the Final Judgment, the Subject Assets. But other persons and entities also have or may have an interest in or claim to those funds, including, but not limited to, Rosneft Trading, LDC, other judgment creditors of the Judgment Debtors, and other judgment creditors of Rosneft Trading or LDC. Vitol has accordingly filed the counterclaim and third-party claim set forth in this pleading in order to bring all such persons and entities before the Court and give them the opportunity to assert any claims they may have to the Subject Assets so that the Court can determine to whom, if anyone, the Subject Assets should be turned over. This proceeding is also necessary to enable Vitol, in the event it is directed to turn over the Subject Assets, to obtain a discharge that is binding on all interested parties and that thereby eliminates the risk that Vitol would be subject to double or multiple liability as a result of inconsistent rulings in different forums. (Petition ¶ 17.)

**Response:** Admitted that Caballero now seeks an order under TRIA § 201 and Tex. Civ. Prac. & Rem. Code Ann. § 63.001 directing Vitol to turn over to him, in partial satisfaction of the Final Judgment, the Subject Assets. Admitted that LDC has or may have an interest in or claim to the $9,444.116.76 in blocked assets comprising the Subject Assets and that Vitol may be subject to double or multiple liability as a result of inconsistent rulings in different forums as contemplated

under Fed. R. Civ. P. 22. LDC lacks sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 2 (Petition ¶ 17).

## II.     JURISDICTION AND VENUE

3.     This Court has subject matter jurisdiction over the third-party claim asserted herein (i) pursuant to 28 U.S.C. § 1331, because the claim arises under the laws and treaties of the United States, in particular TRIA; (ii) pursuant to 28 U.S.C. § 1367, because the matters at issue in this proceeding are so related to Caballero's Application which itself is within the Court's original jurisdiction, that they form part of the same case or controversy; and (iii) pursuant to 28 U.S.C. § 1335, because the third-party claim is in the nature of interpleader, Vitol has in its custody or possession property of the value or amount of $500 or more, and two or more adverse claimants named as third-party respondents are, upon information and belief, of diverse citizenship. (Petition ¶ 18.)

**Response:** The allegations in Paragraph 3 (Petition ¶ 18) consist of legal conclusions to which no response is required. To the extent a response is required, LDC admits the allegations in Paragraph 3 (Petition ¶ 18).

4.     Upon information and belief, venue of the counterclaim and third-party claim asserted in this third-party petition is properly set in this judicial district (i) pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim—including Caballero's registration of his judgment in the District Court of Montgomery County, Texas and the filing of the Application—occurred in this district and a portion of the Subject Assets are located here; and (ii) pursuant to 28 U.S.C. § 1397 because one of the claimants resides in this judicial district. (Petition ¶ 19.)

**Response:** The allegations in Paragraph 4 (Petition ¶ 19) consist of legal conclusions to which no response is required. To the extent a response is required, LDC denies knowledge or

3

information sufficient to form a belief as to the truth or falsity of the allegations in (ii) and denies the allegations in the remainder of Paragraph 4 (Petition ¶ 19). LDC specifically denies that any portion of the $9,444,116.76 in blocked assets comprising some of the Subject Assets are located in Texas because on information and belief, these blocked assets are in a blocked and segregated JP Morgan Chase bank account in New York.

### III.   PARTIES

5. Third-Party Petitioner Vitol is a commodities trading firm organized under the laws of the State of Delaware, with its principal place of business in Houston, Texas. (Petition ¶ 20.)

**Response:** LDC denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 5 (Petition ¶ 20).

6. Petitioner and counterclaim respondent Caballero was the plaintiff in an action entitled *Antonio Caballero v. Fuerzas Armadas Revolucionarias De Colombia, et al.*, No. 1:18-CV-25337-KMM, in the United States District Court for the Southern District of Florida ("Florida Action"), in which Caballero obtained the Final Judgment – a judgment, entered on May 20, 2020, in the amount of $46,729,667.00 against the Judgment Debtors. Upon information and belief, Caballero is a citizen of the United States and a resident of the State of Florida. (Petition ¶ 21.)

**Response:** Admitted that Caballero was the Plaintiff in the Florida Action and won a judgment, entered on May 20, 2020, in the amount of $46,729,667.00 against the Judgment Debtors. LDC denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 6 (Petition ¶ 21).

7. Upon information and belief, third-party respondent Rosneft Trading is a corporation or other legal entity organized under the laws of Switzerland, with its principle place of business in Switzerland. Rosneft Trading was designated by OFAC as a Specially Designated National ("SDN") on February 18, 2019 pursuant to Executive Order 13850 (as amended) for

4

operating in the oil sector of the Venezuelan economy. Rosneft Trading has a legal interest in one of the Subject Assets, the Rosneft Trading Debt. (Petition ¶ 22.)

**Response:** The allegation in Paragraph 7 (Petition ¶ 22) relating to Rosneft Trading's legal interest consists of a legal conclusion to which no response is required. Upon information and belief, LDC admits the remainder of the allegations in Paragraph 7 (Petition ¶ 22).

8.     Upon information and belief, third-party respondent LDC is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Houston, Texas. LDC has a legal interest in one of the Subject Assets, the LDC Funds. (Petition ¶ 23.)

**Response:** LDC admits that LDC is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Houston, Texas. LDC admits that it has a legal interest in the $9,444.116.76 in blocked assets that Vitol refers to as the "LDC Funds" (Petition ¶¶ 6, 25) and that is currently in a blocked and segregated JP Morgan Chase bank account in New York, although LDC's interest is entirely contingent as LDC does not have title or possession of, or control over, the funds.

## IV.     FACTS COMMON TO ALL COUNTERCLAIMS AND THIRD-PARTY CLAIMS

### A.     Rosneft Trading and the Rosneft Trading Debt

9.     The Rosneft Trading Debt is a trade payable related to a completed transaction between Vitol and Rosneft Trading valued in the amount of $12,661,259.98. It remains unpaid to Rosneft Trading. Accordingly, Rosneft Trading holds a legal interest in the Rosneft Trading Debt. The Rosneft Trading Debt resides on Vitol's books in Houston, Texas, where Vitol treats it as a blocked asset. (Petition ¶ 24.)

**Response:** LDC denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 9 (Petition ¶ 24).

### B. LDC and the LDC Funds

10. The LDC Funds are refunds valued in the amount of $9,444,116.76 that Vitol owes to LDC following completion of a series of transactions between Vitol and LDC. Accordingly, LDC holds a legal interest in the LDC Funds. The LDC Funds are located in a blocked, segregated JP Morgan Chase account at a branch in Tampa, Florida. (Petition ¶ 25.)

**Response:** LDC admits that it has a legal interest in the $9,444.116.76 in blocked assets that Vitol refers to as the "LDC Funds" (Petition ¶¶ 6, 25), although LDC's interest is entirely contingent as LDC does not have title or possession of, or control over, the funds. LDC admits that these funds are refunds that Vitol owes to LDC following completion of a series of transactions between Vitol and LDC. LDC further admits that the funds are located in a blocked and segregated JP Morgan Chase account but denies that the funds are located at a JP Morgan Chase account at a branch in Tampa, Florida. Rather, on information and belief, the funds are located at a JP Morgan Chase account at a branch in New York.

### C. Caballero's Claims to the Subject Assets

11. Upon information and belief, Caballero obtained the Final Judgment against the Judgment Debtors on May 20, 2020 in the Florida Action. The Judgment was entered under the Anti-Terrorist Act, 18 U.S.C. § 2333. Upon information and belief, as of the time of this third-party petition, the Final Judgment, which the Judgment Debtors have not voluntarily paid, remains unsatisfied. (Petition ¶ 26.)

**Response:** LDC admits the allegations regarding the timing of the Final Judgment and the relevant statute. LDC denies knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 11 (Petition ¶ 26).

6

12. On or about September 20, 2020, Caballero registered his judgment in the District Court of Montgomery County, Texas in a matter styled *Antonio Caballero v. Fuerzas Armadas Revolucionarias de Colombia, et al.*, Cause No. 20-09-11744 (the "Initial Texas Action"). Caballero filed the Application in the same court on December 16, 2020, in a related matter styled Antonio Caballero v. Fuerzas Armadas Revolucionarias de Colombia, et al., Cause No. 20-12-15427 (the "State Court Action"). An initial writ of garnishment was issued on December 18, 2020, and served on Vitol on December 22, 2020. The operative writ (the Writ, as defined herein), revised to correct an error in the name of one of the putative asset owners in the initial writ, was issued on December 23, 2020. On or about December 28, 2020, Caballero served Vitol the Writ as part of his effort to enforce the Final Judgment. Neither Vitol nor, upon information and belief, any of the third-party respondents received notice of or appeared in the Initial Texas Action or the State Court Action prior to issuance and service of the Writ. Rather, upon information and belief, all proceedings in the Initial Texas Action and the State Court Action prior to issuance of the Writ were ex parte in nature. (Petition ¶ 27.)

**Response:** LDC denies knowledge or information sufficient to form a belief as to the truth or falsity of whether any other third-party respondents received notice of, appealed in, or participated in the state court actions referenced in Paragraph 12 (Petition ¶ 27). The remainder of allegations in Paragraph 12 (Petition ¶ 27) are admitted.

13. Upon information and belief, Caballero has not served either LDC or Rosneft Trading with the Application or the Writ as required by, inter alia, the Texas Rules of Civil Procedure. Instead, upon information and belief, Caballero (1) mailed a copy of the Application and Writ to PDVSA at an address in Caracas, Venezuela, and (2) mailed a copy of the Application and Writ to "Rosneft Trading, S.A." at a particular address in Moscow, Russia (the "Moscow

7

Address"). As Caballero knew prior to pursuing the Writ, LDC and not PDVSA was Vitol's creditor with respect to the LDC Funds. As Caballero should have known prior to issuing its mailed notice, the Moscow Address is not the address for Rosneft Trading, S.A., but rather its parent company, Rosneft Oil Company. As set forth above in Paragraph 22, Rosneft Trading, S.A., the actual entity that holds an interest in the Rosneft Trading Debt, is a corporation or other legal entity organized under the laws of Switzerland, with its principle place of business in Switzerland. (Petition ¶ 28.)

**Response:** LDC admits upon information and belief that Caballero mailed a copy of the Application and Writ to the Maduro regime in Venezuela at an address in Caracas, Venezuela, but denies this is an address for PDVSA. LDC denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Caballero's knowledge that LDC and not PDVSA was Vitol's creditor with respect to the $9,444.116.76 in blocked assets but admits that Caballero should have known this information. LDC further denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations relating to Rosneft Trading, S.A., and Rosneft Oil Company referenced in Paragraph 13 (Petition ¶ 28).

14.     On or about January 15, 2021, Vitol removed the State Court Action to federal court pursuant to 28 U.S.C. § 1446. (Petition ¶ 29.)

**Response:** Admitted that Vitol removed the case entitled *Antonio Caballero v. Fuerzas Armadas Revolucionarias de Colombia, et al.*, Case No. 20-12-15427, which it refers to in its Petition as "the State Court Action" (Petition ¶ 27) on January 15, 2021.

15.     Because of Caballero's and the third-party respondents' existing and prospective claims to the Subject Assets, Vitol is exposed to conflicting claims, to vexatious and burdensome litigation in different courts and different proceedings, to the attendant risk of inconsistent rulings,

and ultimately to the prospect of double or multiple liability as to the same Subject Assets. (Petition ¶ 30.)

**Response:** The allegations in Paragraph 15 (Petition ¶ 30) consist of legal conclusions to which no response is required. To the extent a response is required, LDC admits that Vitol may be subject to the prospect of double or multiple liability as contemplated under Fed. R. Civ. P. 22. LDC denies knowledge or information sufficient to form a belief as to the truth or falsity of the remainder of allegations in Paragraph 15 (Petition ¶ 30).

16. Under these circumstances, this interpleader proceeding is the most effective and cost-effective means by which all interested parties can be brought before one Court, a single determination can be made as to who, if anyone, is entitled to the Subject Assets, and Vitol, to the extent it is directed to turn over any such funds, can receive a discharge from further liability as to the Subject Assets that is binding on all interested parties and not subject to future attack. (Petition ¶ 31.)

**Response:** Admitted as to LDC. LDC denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 16 (Petition ¶ 31) as they relate to interested parties other than LDC.

### FIRST COUNTERCLAIM AND FIRST THIRD-PARTY CLAIM: FOR INTERPLEADER RELIEF

17. Vitol repeats and re-alleges the allegations in paragraphs 1 through 31 above as if they were set forth here in full. (Petition ¶ 32.)

**Response:** Paragraph 17 (Petition ¶ 32) states a convention to which no response is required.

18. Caballero has commenced this action seeking a turnover order under TRIA § 201 and Tex. Civ. Prac. & Rem. Code Ann. § 63.001 directing Vitol to turn over to him, in partial

9

satisfaction of the Final Judgment, the Subject Assets. Caballero, Rosneft Trading, and LDC all have claims to the Subject Assets within the meaning of Fed. R. Civ. P. 22. (Petition ¶ 33.)

**Response:** Admitted that Caballero has commenced this action seeking a turnover order under TRIA § 201 and Tex. Civ. Prac. & Rem. Code Ann. § 63.001 directing Vitol to turn over to him, in partial satisfaction of the Final Judgment, the Subject Assets. Admitted that LDC has or may have an interest in or claim to the $9,444.116.76 in blocked assets comprising the Subject Assets within the meaning of Fed. R. Civ. P. 22. LDC denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 18 (Petition ¶ 33) as they relate to Rosneft Trading, S.A.

19. Vitol itself is a neutral stakeholder and takes no position on which, if any, of the parties at issue has the superior claim to the Subject Assets. But because Vitol is subject to conflicting claims, it is exposed to the risk of multiple and inconsistent liability and is accordingly entitled to interpleader relief bringing Caballero and the third-party respondents before the Court and requiring them to litigate their respective claims to the Subject Assets. (Petition ¶ 34.)

**Response:** The allegations in Paragraph 19 (Petition ¶ 34) consist of legal conclusions to which no response is required. To the extent a response is required, LDC denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 19 (Petition ¶ 34).

20. Vitol is ultimately entitled to an order (i) determining which, if any, of the parties at issue is entitled to the Subject Assets; (ii) to the extent the Subject Assets are directed to be turned over, discharging Vitol from any further liability with respect to the Subject Assets; and (iii) restraining and enjoining Caballero and the third-party respondents from instituting or

prosecuting any future proceeding, in any jurisdiction, with respect to the Subject Assets. (Petition ¶ 35.)

**Response:** The allegations in Paragraph 20 (Petition ¶ 35) consist of legal conclusions to which no response is required. To the extent a response is required, LDC denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 20 (Petition ¶ 35).

21. Vitol is also entitled, as a neutral stakeholder, to its attorneys' fees and costs incurred in connection with this interpleader proceeding and the judgment enforcement efforts of Caballero. Any such attorneys' fees and costs are to be awarded out of Subject Assets under any judgment entered in this action. (Petition ¶ 36.)

**Response:** The allegations in Paragraph 21 (Petition ¶ 36) consist of legal conclusions to which no response is required. To the extent a response is required, LDC denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21. (Petition ¶ 36.)

WHEREFORE, Vitol requests the entry of a judgment as follows:

a. Dismissing the Application and the Writ in their entirety;

b. Determining the rights, if any, of Caballero and the third-party respondents to the Subject Assets;

c. Determining that service of this third-party petition, the third-party summons, and other relevant documents upon the third-party respondents constitutes good and sufficient service under Tex. Civ. Prac. & Rem. Code Ann. § 63.001 and any other applicable provision of law;

    d. Determining that this Court has subject matter jurisdiction, personal jurisdiction and in rem jurisdiction over Caballero, the third-party respondents and the Subject Assets to the extent necessary to determine the parties' respective rights with respect to the Subject Assets;

    e. Determining (i) whether the Subject Assets are subject to execution under existing law in the Fifth Circuit; (ii) whether LDC and/or Rosneft Trading are agents or instrumentalities of the FARC or any other Judgment Debtor, and therefore whether the Subject Assets are assets subject to execution under TRIA; and (iii) to the extent the Subject Assets are subject to execution, whether Caballero or one of the third-party respondents has priority for purposes of executing on the Subject Assets;

    f. Discharging Vitol from any and all liability to Caballero, the third-party respondents, and all other persons and entities with respect to the Subject Assets to the extent those funds are ordered to be turned over to any one or more of those parties;

    g. Permanently restraining and enjoining Caballero, the third-party respondents, and all other persons and entities from instituting or prosecuting any proceeding, in any jurisdiction, as to the Subject Assets that Vitol may be ordered to turn over to any party;

    h. Awarding Vitol its costs and expenses, including reasonable attorneys' fees, incurred in connection with this third-party proceeding and the judgment enforcement efforts of Caballero; and

    i. Awarding Vitol such other and further relief as may be just and proper.

**Response:** The allegations in the sub-provisions of Paragraph 21 (Petition ¶ 36) consist of a request to this Court based on legal conclusions to which no response is required.

Dated:  April 6, 2021                           Respectfully submitted,

                                                  */s/ Michael J. Gottlieb*
                                                  Michael Gottlieb
                                                  Attorney-in-Charge
                                                  Admitted *Pro Hac Vice*
                                                  WILLKIE FARR & GALLAGHER LLP
                                                  1875 K Street NW
                                                  Washington, DC  20006-1238
                                                  Telephone: (202) 303-1442
                                                  Facsimile: (202) 303-2442
                                                  mgottlieb@willkie.com

                                                  *Attorney for LDC Supply International, LLC*

**CERTIFICATE OF SERVICE**

      I certify that on April 6, 2021, this document was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                           */s/ Michael J. Gottlieb*
                                           Michael Gottlieb
                                           Attorney-in-Charge
                                           Admitted *Pro Hac Vice*
                                           WILLKIE FARR & GALLAGHER LLP
                                           1875 K Street NW
                                           Washington, DC  20006-1238
                                           Telephone: (202) 303-1442
                                           Facsimile: (202) 303-2442
                                           mgottlieb@willkie.com

                                           *Attorney for LDC Supply International, LLC*