UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ANTONIO CABALLERO,<br><br>    *Judgment Creditor & Garnishor,*<br><br>v.<br><br>FUERZAS ARMADAS REVOLUCIONARIAS DE COLOMBIA a/k/a FARC-EP a/k/a REVOLUTIONARY ARMED FORCES OF COLOMBIA; and THE NORTE DEL VALLE CARTEL,<br><br>    *Judgment Debtors,*<br><br>v.<br><br>VITOL INC.,<br><br>    *Garnishee.*<br><hr>VITOL INC.,<br><br>    *Third-Party Petitioner.*<br><br>v.<br><br>ANTONIO CABALLERO; ROSNEFT TRADING, S.A.; and LDC SUPPLY INTERNATIONAL, LLC,<br><br>    *Third-Party Respondents.* | CIVIL ACTION NO. 4:21-cv-00140 |

**THIRD-PARTY RESPONDENT ROSNEFT TRADING, S.A.'S ANSWER TO INTERPLEADER PETITION**

## ANSWER

Third-party respondent Rosneft Trading, S.A. ("RTSA"), by and through undersigned counsel, hereby answers the Third-Party Petition in Interpleader of Vitol, Inc. ("Vitol"), according to its numbered paragraphs and sections as follows. *See* Dkt. 7.

**V.  Nature Of The Counterclaim And Third-Party Claim**

16. RTSA admits the allegations in paragraph 16.

17. RTSA admits the allegations in paragraph 17 to the extent that it admits that it has a legal interest in the "Rosneft Trading Debt," part of the "Subject Assets" as defined by Vitol, and that Plaintiff seeks an order under the referenced statutes. *See* Dkt. 7, at ¶ 6. To the extent that paragraph 17 alleges that Caballero has any interest in the Rosneft Trading Debt, RTSA denies that Caballero possesses any interest or valid claim to the Rosneft Trading Debt. RTSA denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding claims by other entities or claims involving LDC Supply International, LLC's ("LDC") assets. To the extent that the remaining allegations in paragraph 17 state a legal conclusion, no response is required.

**VI.  Jurisdiction And Venue**

18. As the allegations in paragraph 18 set forth Vitol's jurisdictional allegations and thus purport to state legal conclusions and questions of law for the Court, no response is required.

19. As the allegations in paragraph 19 set forth Vitol's venue allegations and thus purport to state legal conclusions and questions of law for the Court, no response is required.

**VII.  Parties**

20. RTSA denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20.

21. RTSA denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding Caballero's citizenship and state of residence. RTSA admits the remainder of the allegations in paragraph 21.

22. RTSA admits the allegations in paragraph 22, except that RTSA was designated by OFAC as a Specially Designated National on February 18, 2020, rather than February 18, 2019 as alleged in the interpleader petition.

23. RTSA denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23.

**VIII. Facts Common To All Counterclaims And Third-Party Claims**

24. RTSA denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 regarding where the "Rosneft Trading Debt" resides on Vitol's books and regarding Vitol's treatment of the "Rosneft Trading Debt" as a blocked asset. RTSA admits the remaining allegations in paragraph 24.

25. RTSA denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25.

26. RTSA denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 regarding whether Caballero's Final Judgment remains unsatisfied. RTSA admits the remaining allegations in paragraph 26.

27. RTSA denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 regarding service on, or appearances by, entities other than RTSA. RTSA admits the remaining allegations in paragraph 27.

28. RTSA denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 regarding the relationship between LDC and Vitol, Caballero's attempted service on LDC, and what Caballero knew prior to his attempted service of process. RTSA admits that it is the entity holding an interest in the "Rosneft Trading Debt," and is a legal entity organized under the laws of, and with its principal place of business in, Switzerland. RTSA further admits that the "Moscow Address" is not the proper address of RTSA and admits that Caballero has not served RTSA as required by the Texas Rules of Civil Procedure and the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters. To the extent the allegations in paragraph 28 purport to state legal conclusions or questions of law for the Court, no response is required.

29. RTSA admits the allegations in paragraph 29.

30. RTSA denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30, and to the extent the allegations in paragraph 30 purport to state a legal conclusion or questions of law for the Court, no response is required.

31. As the allegations in paragraph 31 purport to state legal conclusions or questions of law for the Court, no response is required.

**IX.     First Counterclaim And First Third-Party Claim: For Interpleader Relief**

32. Paragraph 32 repeats and re-alleges Vitol's allegations in paragraphs 1 through 31. For paragraphs 16-32, comprising Vitol's interpleader petition, RTSA re-asserts its responses to Vitol's allegations as set forth in paragraphs 16-32, above. Paragraphs 1-15 comprise Vitol's answer to Plaintiff's writ of garnishment and affirmative defenses, and thus no response from third-party respondent RTSA is required. *See* Dkt. 7.

33. RTSA denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding LDC's claims to the Subject Assets. RTSA admits the remaining allegations in paragraph 33.

34. The allegations in paragraph 34 purport to state legal conclusions or questions of law for the Court, and thus no response is required.

35. The allegations in paragraph 35 purport to state legal conclusions or questions of law for the Court, and thus no response is required.

36. The allegations in paragraph 36 purport to state legal conclusions or questions of law for the Court, and thus no response is required.

## AFFIRMATIVE DEFENSES

37. As additional defenses, RTSA alleges, asserts, and avers the following defenses, which apply to each and every claim asserted by Caballero against RTSA to which such defense is or may be applicable. By virtue of alleging these defenses, RTSA does not assume the burden of proof or persuasion where such burden is not otherwise legally assigned to them. Nothing stated herein is intended or shall be construed as an admission that any particular issue or subject matter is relevant to this action. RTSA expressly reserves the right to amend and/or supplement their affirmative and other defenses.

### FIRST AFFIRMATIVE DEFENSE

38. RTSA holds a legal interest in the trade payable that is referred to in Vitol's Interpleader Petition as the "Rosneft Trading Debt." *See* Dkt. 7, ¶ 24. The Rosneft Trading Debt is a trade payable, valued at $12,661,259.98, related to a completed transaction between RTSA and Vitol that remains unpaid to RTSA. Therefore, RTSA holds a legal interest in the full amount of the Rosneft Trading Debt.

### SECOND AFFIRMATIVE DEFENSE

39. RTSA denies that Caballero has any interest in, or valid claim to, the Rosneft Trading Debt as defined in Vitol's Answer and Interpleader petition. *See* Dkt. 7, ¶ 6. Any claim by Caballero to the Rosneft Trading Debt rests on Caballero's allegation that RTSA is an "agent or instrumentality" of the FARC under the Terrorism Risk Insurance Act § 201. RTSA denies that it is an agent or instrumentality of the FARC.

### THIRD AFFIRMATIVE DEFENSE

40. RTSA further denies that Caballero has any interest in, or valid claim to, the Rosneft Trading Debt, because any claim by Caballero rests on his Final Judgment against the judgment debtor, the FARC. As Caballero's final judgment is void, Caballero has no valid claim to the Rosneft Trading Debt.

## FOURTH AFFIRMATIVE DEFENSE

41. Caballero's claim to the Rosneft Trading debt is invalid, *inter alia*, for the grounds set out in RTSA's Motion To Dissolve The December 23, 2020 Writ Of Garnishment, To Vacate The Underlying Order Directing Its Issuance, And For Other Relief and RTSA's Reply In Support Of Motion To Dissolve The December 23, 2020 Writ Of Garnishment, To Vacate The Underlying Order Directing Its Issuance, And For Other Relief, all of which are incorporated and re-asserted by reference as if set forth herein. *See* Dkt. 31-1; Dkt. 45.

Respectfully submitted,

Dated: May 6, 2021            NORTON ROSE FULBRIGHT US LLP
       Austin, Texas

By: /s/ Mark Oakes
     Mark Oakes
     98 San Jacinto Boulevard, Suite 1100
     Austin, Texas 78701-4255
     Tel.: (512) 474-5201
     Fax: (512) 536-4598
     mark.oakes@nortonrosefulbright.com

     Steve Dollar
     1301 Avenue of the Americas
     New York, New York 10019
     Tel.:     (212) 318-3000
     Fax:     (212) 318-3400
     steve.dollar@nortonrosefulbright.com
     *Admitted Pro Hac Vice*

     *Attorneys for Third-Party Respondent Rosneft Trading, S.A.*

## **CERTIFICATE OF SERVICE**

    I certify that on May 6, 2021, this document was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                        NORTON ROSE FULBRIGHT US LLP

                                        By: /s/ Mark Oakes
                                               Mark Oakes
                                               98 San Jacinto Boulevard, Suite 1100
                                               Austin, Texas 78701-4255
                                               Tel.: 512.474.5201
                                               Fax: 512.536.4598
                                               mark.oakes@nortonrosefulbright.com

                                       *Attorney for Third-Party Respondent Rosneft Trading S.A.*