UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ANTONIO CABALLERO,

    *Judgment Creditor & Garnishor,*

v.

FUERZAS ARMADAS
REVOLUCIONARIAS DE COLOMBIA
a/k/a FARC-EP a/k/a
REVOLUTIONARY ARMED FORCES
OF COLOMBIA; and THE NORTE
DEL VALLE CARTEL,

    *Judgment Debtors,*

v.

VITOL INC.,

    *Garnishee.*

VITOL INC.,

    *Third-Party Petitioner,*

v.

ANTONIO CABALLERO, ROSNEFT
TRADING, S.A. and LDC SUPPLY
INTERNATIONAL, LLC,

    *Third-Party Respondents.*

CIVIL ACTION NO. 4:21-CV-00140

**STIPULATION AND ORDER REGARDING
STAY OF WRIT OF GARNISHMENT PROCEEDING**

This Stipulation and Order is entered into by and among the undersigned counsel for, respectively, Judgment Creditor and Garnishor Antonio Caballero ("Caballero"), Third-Party Petitioner Vitol Inc. ("Vitol"), Third-Party Respondent LDC Supply International, LLC ("LDC") and non-party JPMorgan Chase Bank, N.A. ("JPMorgan") (collectively, the "Parties").

WHEREAS:

a. On May 20, 2020, in *Caballero v. Fuerzas Armadas Revolucionarias de Colombia, et al.*, No. 1:18-cv-25337-KMM (S.D. Fla.), Caballero obtained a judgment on default (the "Judgment") against Judgment Debtors Fuerzas Armadas Revolucionarias de Colombia ("FARC") and Norte de Valle Cartel ("NDVC") (collectively, the "Judgment Debtors") under the Anti-Terrorism Act ("ATA"), 18 U.S.C. § 2333. The Judgment is in the amount of $45 million in actual, compensatory non-economic damages and $1,729,667.00 of actual, compensatory economic damages, both of which the court trebled pursuant to 18 U.S.C. § 2333, as well as post-judgment interest at a rate of 0.15% per annum.

b. Caballero alleges that the Judgment remains unsatisfied and continues to seek to enforce the Judgment.

c. On September 28, 2020, Caballero registered the Judgment on the docket of the 284th Judicial District Court of Montgomery County, Texas, in an action entitled *Caballero v. Fuerzas Armadas Revolucionarias de Colombia, et al.*, Cause No. 20-09-11744. On December 16, 2020, Caballero commenced a related state court action against the Judgment Debtors, Cause No. 20-12-15427, in the same Judicial District (the "Texas State Court Action").

d. On or about January 8, 2021, Caballero obtained an *ex parte* Writ of Garnishment in the Texas State Court Action (the "Texas Writ") against Vitol attaching certain blocked assets

on which Caballero seeks to execute, under 18 U.S.C. § 2333(e) and § 201(a) of the Terrorism Risk Insurance Act of 2002, Pub. L. No. 107-297 ("TRIA"), to help satisfy the Judgment.

  e. Among the blocked accounts covered by the Texas Writ is an account, ending in 2881, that JPMorgan established at the request of Vitol, a bank client, to hold certain funds blocked under sanctions regulations, 31 C.F.R. Part 591, applicable to Venezuela and administered by the Office of Foreign Assets Control ("OFAC") of the United States Treasury Department (the "Vitol/LDC Account" or the "Account"). The blocked funds in the Vitol/LDC Account are in the name of LDC, which is alleged to be affiliated with Petroleos de Venezuela, S.A. ("PDVSA"), which in turn is alleged to be an agency or instrumentality of the FARC. JPMorgan asserts that it, not Vitol, is the proper garnishee of the Vitol/LDC Account, which JPMorgan maintains in New York. As of October 2020, when JPMorgan disclosed the Account to Caballero in compliance with Caballero's then-recent subpoena to the bank, the Account was in the amount of $9,550,951.88.

  f. By Notice of Removal dated January 15, 2021 (Doc. No. 1), Vitol removed the Texas State Court Action to this Court. On January 22, 2021, in response to the Texas Writ, Vitol filed an "Answer, Affirmative Defenses, Counterclaim and Third-Party Petition for Interpleader" (the "Interpleader Petition," Doc. No. 7). On April 6, 2021, LDC filed its Answer (Doc. No. 49) to the Interpleader Petition.

  g. By Motion filed on March 4, 2021 (Doc. No. 37), Caballero moved to dismiss the Interpleader Petition, stating in the Motion that "Caballero intends to request transfer of the garnishment proceeds relating to LDC to the United States Southern District of New York" (page 3), and that "Caballero's motion to transfer is forthcoming" (page 3 n. 1). As of the time of this Stipulation and Order, Caballero has not filed a transfer motion, and his motion to dismiss the

Third-Party Petition, which Vitol has opposed, is still pending. By this stipulation, the Parties seek to stay the proceedings before this Court relating to LDC/Vitol Account to avoid unnecessary litigation before this Court while a turnover of the LDC/Vitol Account is sought in the United States District Court for the Southern District of New York (the "SDNY").

  h. On February 18, 2021, Caballero applied to the SDNY, in the action entitled *Caballero v. Fuerzas Armadas Revolucionarias de Colombia, et al.*, No. 20-mc-00249, for an *ex parte* writ of execution covering the LDC/Vitol Account (the "New York Writ"). On or about March 10, 2021, the court in the SDNY action issued the New York Writ, and Caballero effected service of the New York Writ on JPMorgan shortly thereafter.

  i. Based on JPMorgan's representation that it holds the LDC/Vitol Account in New York, the Parties agree to stay these proceedings as to the LDC/Vitol Account, pending the outcome of all proceedings in the SDNY regarding that Account, to avoid unnecessary litigation in this action.

  j. If the SDNY renders a final ruling on the merits in a proceeding for the turnover of the LDC/Vitol Account, then that ruling, following the resolution of any appeals, shall be binding on the Parties; no Party may thereafter bring a new a proceeding of any kind, anywhere in the world, regarding that Account; and Caballero shall promptly withdraw the Texas Writ with prejudice. If, but only if, the SDNY were to rule that it lacks *in rem* jurisdiction over the LDC/Vitol Account and were to decline to rule on the merits of Caballero's claim for the turnover of the Account, then Caballero may seek to lift the stay for the Texas Writ in this Court. Vitol and LDC may oppose any such motion and may also move to dissolve the Texas Writ, based on any available argument, should the stay be lifted.

  NOW, THEREFORE, IT IS HEREBY STIPULATED AND ORDERED as follows:

1. Upon the Court's signing and entry of this Stipulation and Order, the Texas Writ shall be deemed stayed, including Caballero's motion to dismiss the Interpleader Petition as to the LDC/Vitol Account.

2. This Stipulation and Order shall have no effect on the proceedings in this action unrelated to the LDC/Vitol Account. Nor shall it affect any claims or defenses that the Parties may assert in any action in the SDNY that Caballero commences for the turnover of the LDC/Vitol Account.

3. This Stipulation and Order may be executed by email and in counterparts.

Dated: August 9, 2021

| ANTONIO CABALLERO | VITOL INC. |
|---|---|
| By: /s/ Leon Patricios<br>Leon Patricios<br>Zumpano Patricios, PA<br>312 Minorca Avenue<br>Coral Gables, Florida 33134<br>(305) 444-5565<br>lpatricios@zplaw.com<br>Admitted *Pro Hac Vice*<br>*Counsel for Antonio Caballero* | By: /s/ Yasser A. Madriz<br>Yasser A. Madriz<br>McGuireWoods LLP<br>JPMorgan Chase Tower<br>600 Travis Street, 75th Floor<br>Houston, Texas 77002<br>(713) 571-9191<br>ymadriz@mcguirewoods.com<br>Texas Bar No. 24037015<br>Fed. ID No. 39080<br>*Counsel for Vitol Inc.* |
| JPMORGAN CHASE BANK, N.A. | LDC SUPPLY INTERNATIONAL, LLC |
| By: /s/ Steven Feigenbaum<br>Steven B. Feigenbaum<br>Katsky Korins LLP<br>605 Third Avenue<br>New York, New York 10158<br>(212) 953-6000<br>sfeigenbaum@katskykorins.com<br>*Counsel for JPMorgan Chase Bank, N.A.* | By: /s/ Michael Gottlieb<br>Michael J. Gottlieb<br>Willkie Farr & Gallagher LLP<br>1875 K Street, NW<br>Washington, D.C. 20006<br>(202) 303-1442<br>mgottlieb@willkie.com<br>Admitted *Pro Hac Vice*<br>*Counsel for LDC Supply Development, LLC* |

SO ORDERED:

_____
Andrew S. Hanen
United States District Judge